THE STATE, JAMES LOMASSON ET AL., COMMISSIONERS, AND MARGARET WINTERS, PROSECUTORS, v. CHRISTOPHER STAATS, COLLECTOR OF TAXES IN THE TOWNSHIP OF FRANKLIN.

Commissioners appointed by the Orphans' Court to divide real estate, who have sold the same and invested one-third of the proceeds, under the order of the court, to secure the interest to the widow, in lieu of her dower, are not taxable for the securities they hold for that purpose.

---

On *certiorari*.

Argued at June Term, 1877, before Justices SCUDDER, DIXON, and REED.

For the prosecutors, *G. M. Shipman* and *J. G. Shipman.*

For the defendant, *Martin Wyckoff.*

The opinion of the court was delivered by

DIXON, J. The prosecutors, Lomasson and others, were appointed by the Orphans' Court of Warren county as commissioners to divide the lands of William Winters, deceased. Under the directions of the court, they sold the property, and invested one-third of the proceeds in bond and mortgage, to secure to the prosecutrix, Margaret Winters, the widow, the interest thereof during her life, which she had accepted in lieu of her dower. The tax in question was assessed upon this bond and mortgage by the commissioners of appeal of the township of Franklin, after notice to the prosecuting commissioners, but without notice to the widow, who resided in the township of Washington, in the same county.

The case of *State, Parker, pros., v. Irons, 6 Vroom* 464, decides that the commissioners are not taxable for such property. The widow, under Section 21 of the supplement to the tax act, approved April 11th, 1866 (*Nix. Dig.* 956), was taxable by commissioners of appeal only after due notice.

The whole assessment is, therefore, illegal, and must be set aside.